16-3118-cv
*Borg v. Town of Westport*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                      *Circuit Judges.*
           WILLIAM K. SESSIONS III,[*]
                      *District Judge.*

---

JOHN BORG, ALISON BORG, AND JOHN BORG P.P.A. ROBIN BORG,

     *Plaintiffs-Appellants,*       16-3118-cv

     v.

TOWN OF WESPORT, DALE E. CALL, CHIEF OF POLICE, JOHN ROCKE, DETECTIVE, GEORGE TAYLOR, DETECTIVE, ANTHONY PREZIOSO, DETECTIVE, JOHN LACHIOMA, OFFICER, AND DANIEL PAZ, OFFICER,

     *Defendants-Appellees.*

---

[*] Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR PLAINTIFFS-APPELLANTS:** A. PAUL SPINELLA, Spinella & Associates, Hartford, CT.

**FOR DEFENDANTS-APPELLEES:** JONATHAN C. ZELLNER, Ryan Ryan Deluca, LLP, Stamford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants brought claims against the Town of Westport and various state police officials, alleging violations of their rights under the Fourth Amendment to the U.S. Constitution and Connecticut tort law. The District Court granted Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed the case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of a motion to dismiss *de novo. In re Actos End–Payor Antitrust Litig.*, 848 F.3d 89, 97 (2d Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In their amended complaint, Plaintiffs alleged that Defendants installed video cameras on two neighboring properties, with those neighbors' knowledge (and apparent consent), "in an effort to obtain evidence of criminal activity." J.A. 10-20 ("Am. Compl.") ¶ 15; *see id.* ¶¶ 15-17. For almost three months,[1] Defendants "conducted continuing, around-the-clock covert surveillance of the interior of the Plaintiffs' home and the curtilage area." *Id.* ¶ 20.

We agree with the District Court that Plaintiffs' Fourth Amendment claim fails. Our precedent clearly states that "what a person knowingly exposes to the public through an open door or window does not receive Fourth Amendment protection." *United States v. Davis*, 326 F.3d 361, 365 (2d Cir. 2003); *see also Katz v. United States*, 389 U.S. 347, 351 (1967) ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."); *United States v. Fields*, 113 F.3d 313, 321 (2d Cir. 1997) ("Although society generally respects a person's expectations of privacy in a dwelling, what a person chooses voluntarily to

---

[1] Plaintiffs allege that the surveillance began on January 30, 2015, and that the footage was reviewed on April 5, 2015, but then allege that the surveillance lasted "until at least April 20, 3015 [sic]." *See* Am. Compl. ¶¶ 19-20.

expose to public view thereby loses its Fourth Amendment protection."). Nor does the use of video cameras call for a different result, because such technology cannot be used "to explore details of the home that would previously have been unknowable without physical intrusion." *Kyllo v. United States*, 533 U.S. 27, 40 (2001); *see also Dow Chem. Co. v. United States*, 476 U.S. 227, 238 (1986) ("[S]urveillance of private property by using highly sophisticated surveillance equipment not generally available to the public, such as satellite technology, might be constitutionally proscribed absent a warrant."). And to the extent that the law governing *extended* video surveillance is uncertain, Defendants would nonetheless be entitled to qualified immunity.[2]

We agree with the District Court that Plaintiffs' state law claims likewise fail. To state a claim under Connecticut law for intentional infliction of emotional distress, Plaintiffs must allege, among other things, that "the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct" and that "the conduct was extreme and outrageous." *Watts v. Chittenden*, 301 Conn. 575, 586 (2011). Plaintiffs' allegations do not satisfy those elements; indeed, Plaintiffs allege benignly that the video cameras were set up "in an effort to obtain evidence of criminal activity." Am. Compl. ¶ 15. With respect to Plaintiffs' other tort claims, Connecticut law provides immunity against the imposition of liability for unintentional (that is, negligent) conduct, *see Doe v. Petersen*, 279 Conn. 607, 614 (2006), and the exception to that rule upon which Plaintiffs rely is inapposite here, *see Haynes v. City of Middletown*, 314 Conn. 303, 312-13 (2014).[3]

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Further, without an underlying constitutional violation, Plaintiffs' claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), cannot stand. *See Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006).

[3] We further agree with the District Court that Plaintiffs have no claim for indemnity under Connecticut law.